**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV270-W-02
(3:04CR83-W)**

| | |
|---|---|
| **RODDIE PHILLIP DUMAS, SR.** ) | |
|     **Petitioner,** ) | |
| ) | |
|     **v.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____) | |

    **THIS MATTER** is before this Court on Petitioner's Application for a Certificate of Appealability, filed September 15, 2008. For the reasons stated herein, and for the further reasons set forth in the Court's Order denying Petitioner's Motion to Vacate (document #2, filed August 11 2008), this Application will be <u>denied</u>.

    As was recounted in the above-referenced Order, on August 24, 2004, a Superceding Bill of Indictment was filed charging Petitioner with having possessed with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841 (Count One), having used and carried four firearms during and in relation to a drug trafficking offense and, in furtherance of that offense, having possessed such weapons, all in violation of 18 U.S.C. § 924(c)(1) (Count Two), having possessed five firearms and numerous rounds of ammunition after previously having been convicted of a felony offense, in violation of 18 U.S.C. §

922(g)(1) (Count Three), having forcibly opposed, intimidated and interfered with a United States Postal Service employee who was engaged in his official duties in violation of 18 U.S.C. § 111 (Count Four), and with having conspired to possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 (Count Five).  The Indictment further alleged that one or more dangerous weapons were possessed during and in relation to the drug charges set forth in Counts One and Five; and that those two offenses had involved a killing under circumstances that would have constituted murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States.

On November 22, 2004, -- that is, after an unsuccessful attempt to suppress the drug and firearms evidence, and after the Government voluntarily dismissed Count Five -- Petitioner appeared before the Court and pled guilty to Counts One and Three (the § 841 and the felon-in-possession charges, respectively).  However, Petitioner requested a jury trial on the § 924(c) count and on the charge that he had interfered with a U.S. Postal employee as alleged in Count Four.  At the conclusion of his Rule 11 proceeding, Petitioner's trial was commenced.

On November 23, 2004, the jury returned guilty verdicts on the two charges against Petitioner.  On June 8, 2005, the Court conducted a Sentencing Hearing at the conclusion of which it made

an upward variance, and sentenced Petitioner to a total combined term of 240 months imprisonment. Petitioner timely appealed to the Fourth Circuit Court of Appeals.

On appeal, Petitioner challenged the legality of the search of his home, the sufficiency of the evidence to support his § 924(c) conviction, and the reasonableness of his sentence. United States v. Dumas, 216 Fed. App'x 298, 299 (4th Cir. Feb. 7, 2007). However, the Fourth Circuit rejected Petitioner's claims, finding that the search was legal, the evidence supporting Petitioner's § 924(c) conviction was sufficient, and Petitioner's sentence properly was calculated and was reasonable. Id. at 299-300. Consequently, the appellate Court affirmed Petitioner's convictions and sentences. Id. at 300. Thereafter, the U.S. Supreme Court denied Petitioner's Petition for a Writ of Certiorari. United States v. Dumas, 127 S.Ct. 2963 (2007).

On June 13, 2008, Petitioner returned to this Court on a Motion to Vacate under 28 U.S.C. § 2255. Petitioner's Motion reasserted his earlier argument that the search of his home "exceeded the bounds of the consent which [was] given." Petitioner further claimed that he had been subjected to ineffective assistance of counsel due to counsel's alleged "fail[ure] to procure a plea agreement on all counts and [for] advising [Petitioner] to proceed to trial in the face of overwhelming evidence which caused Petitioner to loose (-3) reduction for acceptance." In

3

addition to this allegation against counsel, Petitioner raised several other arguments, including that counsel was ineffective for having failed to fully investigate the circumstances surrounding the search of his home.  Petitioner also contended, essentially in passing, that counsel should have presented a case-in-defense.

On August 11, 2008, this Court entered an Order summarily denying Petitioner's challenge to the search on the ground that, in the absence of a favorable intervening change in the law, that claim was foreclosed by the Fourth Circuit's earlier decision on the matter.  This Court also rejected Petitioner's allegations of ineffective assistance of counsel on the grounds that they were factually and/or legally baseless.

Petitioner now has filed the instant Application for a Certificate of Appealability.  By his Application, Petitioner is seeking permission to proceed before the Court of Appeals on arguments that this Court erroneously rejected his claims that counsel was ineffective for having failed to fully investigate the search of his home, that the search exceeded the scope of the consent which was given for it, and that counsel was ineffective for having failed to call two witnesses.

Under the relevant law, a petitioner is entitled to a certificate of appealability if he can make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

4

A petitioner can satisfy this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that ) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation and citation omitted) ; Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

In support of his Application, Petitioner argues that this Court erroneously rejected his claim that counsel was deficient for having failed to fully investigate the circumstances surrounding the search of his residence. More particularly, Petitioner suggests that this Court acted precipitously in rejecting this claim due to Petitioner's failure to identify what matters he believed counsel would have discovered had he conducted a more extensive investigation. Petitioner states that he did not include that critical information because he believed that he was going to be given additional time to in which to provide it.

Ironically, however, despite the fact that Petitioner now should be keenly aware of the importance of such information, he

5

still has not pointed to a single piece of information, favorable or otherwise, which he believes that counsel should have unearthed.  Rather, Petitioner merely rehashes what he deems to be the facts in support of his argument that the search exceeded the scope of consent.  Consequently, Petitioner has not identified any matter which calls into question this Court's determination that the subject claim against counsel is factually baseless.

As for Petitioner's proposed claim that the search was illegal, such claim relies upon the same unsuccessful Fourth Amendment arguments that were raised prior to trial, on appeal and in his Motion to Vacate.  As such, Petitioner also fails to identify any matter which calls into question this Court's determination that his Fourth Amendment claim is procedurally barred.  Moreover, even assuming that Petitioner is correct that his proposed arguments have never before been raised, he still is not entitled to a certificate of appealability for this proposed claim.  Rather, to the extent that Petitioner is seeking to raise new arguments in support of his claimed Fourth Amendment violation, such proposed claim is barred for Petitioner's procedural default of it.

Finally, Petitioner argues that this Court erred in determining that he was not entitled to any relief on his claim that counsel was ineffective for failing to call certain witnesses.  Again, Petitioner takes issue with the Court's finding that he

had failed to identify what additional witnesses or testimony counsel should have produced. However, unlike his other omission, Petitioner now asserts that his attorney should have called Linda Stokely, a former girlfriend, "in rebuttal to the facts offered on the 18 U.S.C. § 924(c) offense by claiming the firearms," and that counsel should have called his girlfriend at the time, Crystal Smith, to "verif[y] that the postal worker had 'abandoned' his duties and had initiated aggressive contact with Petitioner.

As for Ms. Stokely's presumed testimony, it is clear that ownership of a firearm is not an element of a § 924(c) charge. Thus, even if Ms. Stokely had testified and claimed ownership of the subject firearms, such testimony would have been insufficient to overcome the evidence that Petitioner possessed the subject firearms in furtherance of the commission of his drug trafficking offenses. Therefore, Petitioner could not have been prejudiced by counsel's decision not to call Ms. Stokely as her presumed testimony is immaterial.

As for Ms. Smith's presumed testimony, the Court also finds that Petitioner cannot establish any prejudice on the basis of counsel's decision not to call Smith as a witness. Indeed, a review of the record reflects that a full examination of Ms. Smith likely would have been more harmful than beneficial to Petitioner for two distinct reasons. First, even if Ms. Smith

7

had been called to testify that the Postal employee was not delivering mail at the time that Petitioner first threatened to kill him and that Petitioner's threat had come in response to a comment from the Postal worker, the benefit of that testimony very likely would have been lost on cross examination. That is, Ms. Smith's presumed testimony concerning the threat would have been tempered by her admissions that the Postal employee actually was talking to law enforcement officers about his efforts to rescue Petitioner's son from the attack of Petitioner's Pitt Bull dogs at the time that Petitioner threatened to kill him, and that Petitioner's threat was made in response to the Postal worker's remark that Petitioner must have been crazy for not having heard the desperate screams of his child.

In addition, had Ms. Smith been called as a witness, she would have been subject to a cross-examination concerning her credibility, during which her admitted drug use would have been placed in issue. At the very least, such examination assuredly would have explored the fact, as she admitted during her testimony at sentencing, that Ms. Smith occasionally left her children with her mother in order to sleep over at Petitioner's home; on the date in question, Smith had gone to Petitioner's home during the early morning hours; Smith had smoked marijuana at Petitioner's home and in his presence just hours before Petitioner threatened to kill the Postal employee; and that Smith had smoked

8

marijuana in Petitioner's presence at his home on at least one prior occasion.  Thus, even if the Court had prohibited the Government from eliciting testimony that Petitioner also had smoked marijuana with Smith on the above-noted occasions, Smith still would have been a high-risk witness for Petitioner.  As such, Petitioner simply cannot establish that the outcome of his trial likely would have been favorable had counsel called Ms. Smith as a witness.  Ultimately, therefore, Petitioner has failed to show that he is entitled to a certificate of appealability to challenge this Court's determination of that issue.  Accordingly, Petitioner's Application for a Certificate of Appealability is **DENIED.**

    **SO ORDERED.**

Signed: September 24, 2008

Frank D. Whitney
United States District Judge