IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV270-W-02
(3:04CR83-W)

RODDIE PHILLIP DUMAS, SR.    )
    Petitioner,              )
                             )
    v.                       )        **O R D E R**
                             )
UNITED STATES OF AMERICA,    )
    Respondent.              )
_____)

**THIS MATTER** is before the Court upon Petitioner's "Motion For Court To Accept Additional § 2255 Claims That Were Recently Completed; Or In The Alternative Motion To Declare The One Year Period of Limitations Unconstitutional As Such Rule Requires Petitioner To Do The Impossible In A One Year Window," filed January 26, 2009. (Doc. No. 12).

On November 22, 2004, Petitioner pled guilty to the charges of possession of five grams or more of cocaine base with intent to distribute those substances, in violation of 21 U.S.C. § 841 and possessing firearms after having been convicted of a felony, in violation of 18 U.S.C. § 922(g) (Counts One and Three, respectively). (Case No. 3:04cr83, Trial Tr. 19, filed Nov. 29, 2005 ). On November 23, 2004, a jury convicted Petitioner of the additional charges that he had used and carried four firearms during and in relation to a drug trafficking offense, in

violation of 18 U.S.C. § 924(c)(1) (Count Two), and had interfered with a U.S. Postal employee, in violation of 18 U.S.C. § 111 (Count Four). (Case No. 3:04cr83, Doc. No. 47: Verdict). On June 8, 2005, the Court conducted a Sentencing Hearing, at the conclusion of which it made an upward variance and sentenced Petitioner to a total combined term of 240 months imprisonment. (Case No. 3:04cr83, Doc. No. 50: Judgement). Petitioner timely appealed to the Fourth Circuit Court of Appeals challenging the legality of the search of his home, the sufficiency of the evidence to support his § 924(c) conviction, and the reasonableness of his sentence. United States v. Dumas, 216 Fed. App'x 298, 299 (4th Cir. Feb. 7, 2007).

However, the Fourth Circuit rejected Petitioner's claims finding that the search was legal, the evidence supporting Petitioner's § 924(c) conviction was sufficient, and Petitioner's sentence properly was calculated and was reasonable. Id. at 299-300. Consequently, the appellate Court affirmed Petitioner's convictions and sentences. Id. at 300. Thereafter, the U.S. Supreme Court denied Petitioner's Petition for a Writ of Certiorari. United States v. Dumas, 127 S.Ct. 2963 (2007).

On June 13, 2008, Petitioner returned to this Court on a Motion to Vacate under 28 U.S.C. § 2255, reasserting his earlier challenge to the legality of the search of his home, and further claiming that he had been subjected to several instances of inef-

fective assistance of counsel. (Doc. No. 1) However, on August 11, 2008, this Court entered an Order summarily denying Petitioner's challenge to the search on the ground that such claim was procedurally barred. (Doc. No. 3). This Court also rejected Petitioner's allegations of ineffective assistance of counsel on the grounds that they were factually and/or legally baseless. (Doc. No. 3). On September 8, 2008, Petitioner timely gave his notice of appeal of this Court's denial of his Motion to Vacate to the Fourth Circuit Court of Appeals. (Doc. No. 4). In addition, on September 15, 2008, Petitioner filed an Application for a Certificate of Appealability in this Court. (Doc. No. 6). However, on September 24, 2008, the undersigned denied that Application. (Doc. No. 8).

Undaunted, Petitioner now has filed the instant Motion seeking to raise several successive challenges to his convictions[1] and/or to have this Court declare that the one-year limitations period imposed under the Antiterrorism and Effective Death Penalty Act of 1996 is unconstitutional. Suffice it to say, however, Petitioner cannot prevail on either front.

Indeed, it is well settled that the Antiterrorism and Effective Death Penalty Act of 1996 places limitations on prisoners' abilities to file post-judgment challenges to their

---

[1]Petitioner's current Motion contains four additional claims of ineffective assistance of counsel, a claim of actual innocence, and the denial of a fair trial.

convictions and sentences. The Fourth Circuit has determined that motions directly attacking prisoners' convictions or sentences, no matter how captioned, are successive collateral review applications. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003), quoting Calderon v. Thompson, 523 U.S. 538, 553 (1998). Furthermore, the Antiterrorism and Effective Death Penalty Act of 1996 requires that any such "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255. Section 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Inasmuch as Petitioner fails to assert -- and this Court's records fail to disclose -- that he has secured the required authorization, this Court has no authority even to entertain the merits of the instant successive claims.

Finally, it goes without saying that Petitioner has not come close to articulating an argument to establish that AEDPA's one-year limitations period is unconstitutional. Therefore, that alternative argument also must be rejected.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Court to Accept Additional § 2255 Claims is **DISMISSED**

**without prejudice in part** and **DENIED in part.**

**SO ORDERED.**

Signed: February 2, 2009

Frank D. Whitney
United States District Judge